**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| DARNELLE CREESE<br>9723 Summit Circle<br>Largo, MD 20774 | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. __________________ |
| DISTRICT OF COLUMBIA<br>Serve: Muriel Bowser, Mayor<br>1350 Pennsylvania Avenue, NW<br>Washington, D.C. 20001 | : | **JURY DEMANDED** |
| Serve: Karl A. Racine, Esquire<br>Attorney General, DC<br>441 4th Street, NW<br>Washington, D.C. 20001 | : | |
| and | : | |
| Dr. Willie Barr<br>c/o D.C. Department of Corrections<br>2000 14th Street, NW<br>Washington, D.C. 20009 | : | |
| Defendants. | : | |

## <u>COMPLAINT</u>
## (Employment Discrimination)

### <u>Introduction</u>

1. Darnelle Creese brings suit for injuries he sustained in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 1983. Defendants discriminated against Plaintiff on the basis of his sex (male) during the course of his employment with the District of Columbia Department of Corrections.

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343(b), as it asserts claims that arise under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1983. This Court also has supplemental jurisdiction over Plaintiff's state law claim.

3. Venue is proper in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 1402 because a substantial part of the acts and omissions that gave rise to this Complaint occurred within the District of Columbia.

## Parties

4. Plaintiff, Darnelle Creese ("Creese"), is an adult male resident of Maryland, who was employed at the D.C. Department of Corrections from on or about October 1, 2013 until termination of his employment on December 30, 2013.

5. Defendant, District of Columbia, is a governmental organization and municipal corporation. The Department of Corrections ("DOC") is a subordinate agency of the District of Columbia government.

6. Defendant, Dr. Willie Barr ("Dr. Barr") was a supervisor and training specialist with DOC, at all times relevant herein, and he aided and abetted the discriminatory actions that led to Creese's termination. Dr. Barr is being sued in his individual capacity.

## Exhaustion of Administrative Remedies

7. On or about March 24, 2014 Creese filed with the D.C. Office of Human Rights (“OHR”) his complaint alleging discrimination based on several protected bases, including sex, regarding the terms and conditions of his employment, including his December 30, 2013 termination. Creese’s discrimination complaint was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC") under its work sharing agreement with OHR.

8. On September 15, 2016 the EEOC issued to Creese a Notice of Right to Sue.

9. Creese now files this complaint within ninety (90) days of his receipt of the Notice of Right to Sue.

## Facts

10. On or about October 1, 2013 Creese commenced his employment with DOC, and as a condition of his employment he was required to complete successfully the DOC’s Basic Correctional Training Program.

11. One day during the first week of employment Creese was at DOC getting fitted for his uniforms. Plaintiff tried on a shirt and questioned whether it was too large. As Dr. Barr entered the room he overheard Creese’s question and remarked, “he’s not getting that little shirt. I know he wants that but he’s not getting that,” or words to that effect suggesting that Creese favored close-fitting shirts, which did not conform to Dr. Barr’s stereotypes of how men should wear their shirts.

12. Approximately 2 weeks later during “formation” one morning Dr. Barr approached

Creese and warned him that "No pretty boys needed in jail, so you need to take your earrings out. No beard, need to be clean-shaven," or words to that effect. Dr. Barr perceived Creese's appearance as not in conformity with how "real men" working in correctional settings should be dressed.

13. Over the next several weeks Dr. Barr harassed Creese about wearing earrings and beard, but Dr. Barr did not raise any concerns about beards, long hair, or earrings being worn by other males whom he regarded as acting "manly."

14. During physical re-enactments, sometimes recruits sustained physical injuries. During one exercise when Creese was injured, Dr. Barr ignored him and did not ensure that necessary paperwork was completed to document Creese's injuries.

15. Creese noticed that Dr. Barr's treatment of him was distinctly different from the caring attitude Dr. Barr displayed to other injured recruits whom he regarded as acting "manly" or conforming to acceptable gender roles for men.

16. Throughout the training program, Creese excelled, scoring all A's on his tests, and he was either the top performer or number two in areas of physical fitness, marksmanship, or physical appearance.

17. Upon completion of the training program, Dr. Barr asked the recruits to select 2 persons from which the class would elect the class speaker for graduation. Creese was one of the 2 selected by the class for the vote.

18. During the vote Creese and the other candidate were required to leave the classroom.

19. After the vote, the two candidates were invited to return to the classroom whereupon

Dr. Barr displayed a board showing the class had voted Creese as its graduation class speaker. Dr. Barr's demeanor communicated that he was not pleased with the class's selection of Creese as speaker.

20. In the week or two preceding graduation while the recruits had limited assignments, Creese obtained permission from a training supervisor to bring his flash drive and use the office computer to work on his graduation speech during work hours.

21. Thereafter, Creese brought his personal flash drive into the work place to work on his graduation speech. After Creese completed the speech and printed a copy, he forgot to remove the flash drive for the DOC's computer. Creese later believed he had lost the flash drive.

22. The week before graduation Creese gave some of his classmates hair makeovers. Dr. Barr complimented the recruits on their makeovers, but when he learned that Creese had done their hair, Dr. Barr looked at Creese with disgust and said "You" and abruptly walked away, signaling his continued contempt for Creese not conforming to acceptable gender role or behavior for men.

23. Graduation was December 16, 2013 and class speaker Creese addressed the attendees. Creese received his Certificate of Completion of the training program and his badge to commence his full duties as a correctional officer.

24. As Creese was leaving the graduation ceremony, Dr. Barr approached him and stated, "and remember Creese, you can still be fired even when you go over to the jail," or words to that effect.

25. On or about December 17, 2013 Creese and his fellow graduates started their full

duties at the D.C. Jail, which is operated by DOC.

26. For the next two weeks Creese worked his full regular and some overtime hours without incident.

27. However, on the morning of December 30, 2013 two supervisors came to roll call and escorted Creese to the office where he was given a letter of termination, effective immediately. When Creese inquired about the reason for his termination, the supervisors refused to tell him.

28. Creese was escorted back to roll call to collect his personal belongings, then to remove other personal items from his locker, and finally escorted off DOC premises, all in front of his co-workers.

29. Even Creese's class advisor could not get "a straight answer" to his inquiries about the reason for Creese's termination.

30. Creese later learned that he was terminated because he brought his personal flash drive into the workplace.

31. Unbeknownst to Creese, someone had found his flash drive in the office computer and turned it over to Dr. Barr. The flash drive contained a nude photograph of Creese from a photo shoot (but without revealing private anatomy) and photographs of other men.

32. A first violation of Defendant's electornic policy results in a recruit receiving a demerit. After receipt of five demerits, a recruit's employment can be terminated.

33. Prior to Creese's termination he had never received any written or oral warnings, or demerits from Defendants under their progressive disciplinary policies.

34. Dr. Barr and other managers at DOC viewed Creese's status or perceived status as a homosexual male, including his appearance, mannerisms, or conduct as insufficiently masculine, or not in conformity with gender stereotypes how of men should act and/or generally comport themselves.

35. Based on the pattern of discrimination, Creese suffered and continues to suffer severe emotional distress.

36. Defendant District of Columbia is liable for the actions of its managers, including Dr. Barr, under the doctrine of *respondeat superior*.

37. Defendants' conduct was outrageous, malicious, wanton, reckless, and/or in willful disregard of Creese's rights under the law.

**Count I (Title VII)**
**(Employment Discrimination Based on Sex – Defendant District of Columbia)**

38. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if they were fully stated herein.

39. Plaintiff is a member of a protected class by virtue of his sex (male).

40. At all relevant times, Plaintiff was performing his job duties satisfactorily as evidenced by his graduation at the top of his recruit class, voted class speaker, and matriculation to full-time work as a correctional officer.

41. Prior to December 30, 2013 Plaintiff had never been the subject of any disciplinary action, including he had never received a demerit.

42. Because of Plaintiff's sex, including Defendant's perception that Plaintiff did not conform to gender stereotypes of how men should dress and conduct themselves, Defendant terminated his employment on December 30, 2013.

43. The reasons proffered by Defendant for terminating Plaintiff's employment are pretextual because Plaintiff had not violated any of Defendant's policies or procedures.

44. Plaintiff's similarly situated correctional officers who were females and/or males who acted "manly" were not terminated for bringing electronic devices into the workplace at DOC.

45. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, and with reckless indifference to Plaintiff's federally protected rights.

46. Defendant discriminated against Plaintiff because of his sex by engaging in, tolerating or failing to prevent discrimination as well as by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against him.

47. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff because of his sex, he suffered and continues to suffer from harm, injury and monetary damages -- including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs -- and is entitled to all available legal and equitable remedies.

48. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

49. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and in the future, and all other losses stated with Plaintiff not contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00) against Defendant District of Columbia;

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award pre and post judgment interest;

e. Award statutory attorney's fees, costs, and expenses incurred for this action; and

f. Award such other and further relief as is deemed just and proper.

**Count II (Section 1983)**
**(Employment Discrimination Based on Sex – Defendant Dr. Willie Barr)**

50. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if they were fully stated herein.

51. Plaintiff is a member of a protected class by virtue of his sex (male).

52. At all relevant times, Plaintiff was performing his job duties satisfactorily as evidenced by his graduation at the top of his recruit class, voted class speaker, and matriculation to full-time work as a correctional officer.

53. Prior to December 30, 2013 Plaintiff had never been the subject of any disciplinary action, including he had never received a demerit.

54. Acting under color of state law and because of Plaintiff's sex, Defendant Barr initiated and was the driving force behind the disciplinary action that resulted in Plaintiff's termination on December 30, 2013.

55. The reasons proffered by Defendant Barr for initiating disciplinary action that resulted in Plaintiff's termination are pretextual because Plaintiff had not violated any of Defendant District of Columbia's policies or procedures.

56. Plaintiff's similarly situated correctional officers who were females and/or males who acted "manly"were not terminated for bringing electronic devices into the workplace at DOC.

57. Defendant Barr viewed Creese's appearance, mannerisms, and/or conduct as "insufficiently masculine."

58. Defendant Barr knew that his intentional discrimination based on Creese's sex violated the Equal Protection Clause as made applicable to the District of Columbia through the Fifth Amendment to the U.S. Constitution.

59. Defendant Barr's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of Plaintiff's rights because of his sex.

60. As a direct and proximate cause of Defendant Barr's unlawful conduct that resulted in Plaintiff's termination, he suffered and continues to suffer from harm, injury and monetary damages -- including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs -- and is entitled to all available legal and equitable remedies.

61. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

62. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and in the future, and all other losses stated with Plaintiff not contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00) against Defendant Barr and the District of Columbia, jointly and severally;

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award punitive damages in excess of Three Hundred Thousand Dollars ($300,000.00) against Defendant Barr;

e. Award pre and post judgment interest;

f. Award statutory attorney's fees, costs, and expenses incurred for this action; and

g. Award such other and further relief as is deemed just and proper.

**Count III**
**(Intentional Infliction of Emotional Distress – Both Defendants)**

63. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if they were fully stated herein.

64. Defendants engaged in extreme and outrageous conduct toward Plaintiff as aforedescribed including, but not limited to, harassing him about his physical appearance,

threatening to terminate his employment, having security escort him from roll call to the office and then off the premises, and unlawfully terminating his employment.

65. As a direct and proximate result of Defendants' intentional and malicious conduct, Plaintiff suffered and will continue to suffer severe emotional distress and mental anguish.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award Plaintiff compensatory damages in an amount in excess of $300,000.00 against defendants, jointly and severally;

b. Award Plaintiff punitive damages in an amount in excess of $300,000.00 against Defendant Barr;

c. Award Plaintiff reasonable attorney's fees and costs incurred in bringing and maintaining this civil action; and

d. Award such other and further relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jeanett P. Henry
Jeanett P. Henry, Bar No. 411052
8403 Colesville Road; Suite 1100
Silver Spring, MD 20910
(301) 562-1340
JHenry2085@aol.com
***Counsel for Plaintiff***